UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Diana Ralys, an individual and Diana Ralys Skin Health, LLC a Florida limited liability company,<br><br>　　Plaintiff,<br><br>v.<br><br><br>Gilmore's Trucking, Inc. and Dispatch Master LLC,<br><br>　　Defendants. | Case No:<br>Judge:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, Diana Ralys, and Diana Ralys Skin Health, LLC, by and through undersigned counsel, sues Defendants, Gilmore's Trucking, Inc., and Dispatch Master LLC, alleges and complains as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff, Diana Ralys Skin Health LLC, is a Florida Limited Liability Company engaged in the sale and distribution of goods transported in interstate commerce, with its principal place of business in the State of Florida.

2. Plaintiff, Diana Ralys, is the managing member of the skin care company Diana Ralys Skin Health LLC, and the individual who hired Defendant for

the interstate transportation of goods.

3. Defendant, Gilmore's Trucking Inc., is a motor carrier engaged in interstate transportation for hire, within the meaning of 49 U.S.C. § 13102, with a motor carrier number MC-1684898, and was at all relevant times subject to the Carmack Amendment.

4. Defendant, Dispatch Master LLC, is a freight broker, logistics provider, and/or agent that arranged, managed, and communicated regarding the shipment at issue, and acted within the course and scope of its relationship with Defendant Gilmore's Trucking Company Inc..

5. Defendant Gilmore's Trucking Inc. is a corporation for profit organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Texas. Accordingly, Gilmore's Trucking Inc. is a citizen of Ohio and Texas for purposes of 28 U.S.C. § 1332.

6. Defendant, Dispatch Master LLC, is a Georgia Limited Liability Company whose principal place of business is in Georgia, and of its members.

7. The occurrence giving rise to this action harmed Plaintiff, Diana Ralys, a Collier County, Florida resident, and Diana Ralys Skin Health, LLC, a Florida Limited Liability Company whose principal place of business is in Florida.

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a) because this action arises under the Carmack Amendment, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000.

9. Venue is proper in this court pursuant to 49 U.S.C. § 14706(d) because delivery was to be made in this District, Plaintiff resides and does business in this District, and Defendants transact business in this District. To wit, the bill of lading for shipping of goods from California to Naples, Florida.

10. This Court has diversity jurisdiction over the State claims, pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Florida, Defendant, Gilmore's Trucking Inc. is a citizen of Ohio and Texas, Defendant, Dispatch Master, LLC, is a citizen of Georgia, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## Factual Allegations

11. On or about February 17, 2025, Plaintiff tendered a shipment of goods to Defendant for interstate transportation from Santa Monica, California to Naples, Florida.

12. At the time of pickup, the shipment was received by Defendant in good order and condition, subject to a bill of lading and protections of the Carmack Amendment. *See* **Exhibit A.**

13. The Plaintiff's goods were placed in the exclusive custody, care, and control of Defendants, Gilmore's Trucking Inc., and Dispatch Master, LLC, their agents, and their employees.

14. The shipment consisted of two pallets, each measuring 48 x 48 x 48 inches and each weighing 500 pounds.

15. The goods consisted of imported skin care ingredients and tools, as well as packaging required for formulation and distribution, including but not limited to unique imported bamboo packaging, perishable oils, clay, and other organic perishable ingredients.

16. The goods were properly packaged and secured for interstate commerce per the agreement with Defendants.

17. The shipment moved pursuant to a valid bill of lading dated February 17, 2025, BOL# B0217CAFL. *See Exhibit A.*

18. On or about February 17, 2025, in Santa Monica, California, the goods were picked up by Defendant Gilmore's Trucking, Inc., and/or its agents and representatives.

19. The Plaintiff's goods were photographed, then wrapped, and loaded onto the Defendant's truck. *See Exhibit B, Exhibit C,* and *Exhibit D.*

20. During transit, Defendant's driver abandoned the truck and the shipment.

21. As a result, the shipment was never delivered and are no longer merchantable.

22. Due to the nature of the goods, spoilage would have occurred no later than fifteen (15) days after the loss while the shipment remained lost in Defendant's custody, care and control.

23. During the unfolding shipment failure, Defendant Dispatch Master LLC acted at the direction of and on behalf of Defendant Gilmore's Trucking, Inc., and

served as the primary and ongoing point of communication with Plaintiff regarding the loss and attempted recovery of the perishable goods.

24. Defendant Dispatch Master LLC remained in continuous communication with Plaintiff, acknowledged the shipment failure, and repeatedly represented that the shipment had been located and that recovery was imminent, including providing multiple and inconsistent representations regarding the location of the goods, which later proved to be inaccurate.

25. Defendant, Dispatch Master LLC, further expressly represented that Plaintiff would be made whole and that the goods would be recovered. *See **Exhibit E, F,** and **G.***

26. Plaintiff reasonably relied on Defendants' repeated representations and assurances regarding the location and recovery of the shipment, delaying immediate alternative recovery efforts, to Plaintiff's detriment.

27. Despite repeated requests, Defendants failed and refused for more than two months to provide cargo insurance information or to submit a claim on Plaintiff's behalf.

28. After prolonged delay and non-cooperation, Plaintiff independently identified and contacted Defendant Gilmore's Trucking, Inc., cargo insurer and submitted a claim.

29. On or about May 21, 2025, Plaintiff timely submitted a written cargo loss claim to Defendant's insurance, Geico General Insurance Company, in compliance with federal regulations.

30. On or about September 16, 2025, Counsel for the Plaintiff submitted a letter of representation to Geico General Insurance Company, to demand copies of all documents and correspondence relevant to this investigation but they failed to comply until after a letter of denial was sent on or about February 3, 2026.

31. More than 120 days elapsed without any written disposition, payment, or final determination.

32. Defendant Gilmore's Trucking Inc., Cargo policy with Geico General Insurance Company, failed to issue a written claim disposition in violation of 49 C.F.R. § 370.9.

33. Geico General Insurance Company continuously informed Plaintiff's counsel that they required documentation specific to the truck that picked up the goods in order to make a coverage determination.

34. On or about January 8, 2026, the cargo insurer, Geico, denied the claim, citing the February 17, 2025 loss arising from the driver's abandonment of the truck and cargo. *See **Exhibit H**.*

35. Counsel for Plaintiff continuously sent correspondence to all parties and Defendant, Gilmore's Trucking Inc., attorney to obtain copies of insurance policies and resolution to the Plaintiff's cargo loss, but no documents were ever produced and no resolution to the Plaintiff's loss of goods.

36. Plaintiff sustained damages exceeding $75,000, including but not limited to the value of the goods, lost profits, consequential damages, investigation costs, and

business interruption losses.

## COUNT I Carmack Amendment - 49 U.S.C. § 14706

## Against Gilmore's Trucking Inc.

37. Diana Ralys and Diana Ralys Skin Health LLC adopts and realleges the allegation in Paragraphs 1 through 35 of this Complaint.
38. Defendant, Gilmore's Trucking Inc., was a motor carrier providing interstate transportation subject to the Carmack Amendment.
39. On or about February 17, 2025, Plaintiff photographed and wrapped the goods in front of Defendant and turned over the shipment to Defendant Gilmore's Trucking Inc. in good condition.
40. A bill of lading was provided to Plaintiff and Defendant took possession of the Plaintiff's goods.
41. Defendant became liable to the party entitled to recover for the total loss of its goods under the Carmack Amendment.
42. Gilmore's Trucking Inc. failed to deliver the shipment to the destination in Naples, Florida.
43. Plaintiff suffered actual loss and damages as a direct result, to wit a total loss of the entire two pallets of goods that were never recovered, $35,775.50, plus the cost of freight, $1,021.
44. The loss occurred before any goods reached its destination and were never delivered to its destination.

45. Plaintiff sustained consequential damages that were reasonably foreseeable at the time of the loss, including increased tariff costs resulting from tariffs in effect at the time of loss in the amount of $34,564.18, and business interruption damages in the amount of $44,792.80.

46. The loss occurred while the shipment was in the care, custody, and control of the Defendant.

47. Gilmore's Trucking Inc. is liable for the full actual loss and consequential damages pursuant to 49 U.S.C. § 14706.

48. Plaintiff demanded and continues to demand payment for the loss and consequential damages from Defendants.

49. To date, Defendants have failed to remit payment to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests an entry of judgment against Defendant Gilmore's Trucking, Inc. for all damages recoverable under the Carmack Amendment, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

### PLEADED IN THE ALTERNATIVE

### COUNT II Breach of Contract

### Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

50. Plaintiff realleges paragraphs 1-35.

51. Defendants entered into a contract, express or implied, to transport Plaintiff's goods safely from Santa Monica, California and deliver them to

8

Naples, Florida. See *Exhibit B.*

52. Plaintiff, Diana Ralys, on behalf of Diana Ralys Skin Health, LLC, had performed all of its obligations under the contract by having the goods ready for shipment, photographing prior to loading and wrapping, and paid for the interstate shipment of goods.

53. The Defendant, Gilmore's Trucking, Inc., has failed to perform its obligations under the contract by failing to deliver the shipment as agreed.

54. The Defendant's breach is a material and substantial breach that goes to the essence of the contract, by abandoning the shipment, failing to deliver, and failing to indemnify Plaintiff.

55. Plaintiff suffered damages as a direct and proximate result of Defendant's breach.

**WHEREFORE**, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

### COUNT III Negligence

### Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

56. Plaintiff adopts and realleges Paragraphs 1 through 35 of this Complaint.

57. Defendants owed Plaintiff a duty to exercise reasonable care in the transportation, supervision, and handling of the shipment.

58. Defendant availed itself to interstate commerce by including its services on a website called Shiply.com and providing its services to the public throughout the United States, specifically, transportation of goods from Santa Monica, California to Naples, Florida.

59. Defendant, Gilmore's Trucking Inc., agreed to transport the Plaintiff's goods by accepting payment in the amount of $1,021.

60. Defendant, Gilmores's Trucking Inc., sent a truck on its behalf to the Plaintiff's pick up location in Santa Monica, California to perform its contractual duties of transportation.

61. On or about February 17, 2025, Defendant, Gilmore's Trucking Inc., arrived at the Santa Monica, California address on the bill of lading, and loaded the Plaintiff's two pallets onto its truck for interstate transportation to Naples, Florida. *See Exhibits A, B, C,* and *D.*

62. On or about February 17, 2025, the Plaintiff received a Bill of Lading for the interstate transportation of its goods. *See Exhibit A.*

63. Defendant accepted possession and exclusive control of the goods while in transit to its destination in Naples, Florida.

64. Plaintiff reasonably relied on the Defendant's bill of lading and representation that the goods would be transported safely to Naples, Florida.

65. On or about February 26, 2025, Defendant, Dispatch Master LLC, acting on

behalf of Defendant Gilmore's Trucking, Inc., communicated directly with Plaintiff regarding the logistics and problem with location of a truck abandoned while carrying Plaintiff's goods.

66. Defendants breached their duty by abandoning the shipment and failing to secure it, which resulted in a complete loss of the Plaintiff's imported perishable goods.

67. At all relevant times, the Defendant, Gilmore's Trucking Inc., and its agents including Defendant Dispatch Master LLC, were responsible for the care and control of Plaintiff's goods.

68. Defendant's abandonment of the shipment and failure to secure the goods were the direct and proximate cause of Plaintiff's direct damages, resulting in a complete loss of the two pallets of skin care ingredients and tools.

69. Plaintiff suffered direct financial losses from the complete loss of the two pallets of goods, as well as business interruption damages resulting from Plaintiff's inability to produce and sell its products.

70. Additionally, Plaintiff was unable to recover or replace the majority of the unique packaging and other exclusive ingredients, which became unavailable due to tariffs.

71. Plaintiff attempted to recover its goods immediately upon learning of the abandoned truck but Defendant, Gilmore's Trucking Inc., and Dispatch Masters LLC, failed to cooperate and prioritize recovery efforts, thereby exacerbating Plaintiff's losses.

72. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

   **WHEREFORE**, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

## COUNT IV Breach of Bailment

### Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

73. Plaintiff adopts and realleges Paragraphs 1 though 35 of this Complaint.

74. A bailment relationship existed when Plaintiff delivered its goods to Defendant for the specific purpose of interstate transport and delivery.

75. Defendant knowingly accepted possession and control of the goods, creating a duty to exercise reasonable care and to return the goods in substantially the same condition or to account for their loss.

76. Defendant failed to deliver the goods or adequately account for their loss by not obtaining control of the missing truck within a reasonable time and ultimately never recovering the Plaintiff's loss of the two pallets with skin care goods.

77. Defendant's failure constitutes a breach of the bailment.

78. Plaintiff suffered damages as a direct and proximate result of Defendant's breach.

WHEREFORE, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

## COUNT V Conversion

## Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

79. Plaintiff adopts and realleges Paragraphs 1 through 35 of this Complaint.
80. Plaintiff had ownership and an immediate right to possession of the goods at all relevant times.
81. Defendant exercised wrongful dominion and control over Plaintiff's property in a manner inconsistent with the Plaintiff's ownership rights by failing to deliver and by depriving Plaintiff of possession and use of the property.
82. On or about March 16, 2025, Defendant, Dispatch Master LLC, informed Plaintiff that the goods were found and they would arrange delivery of the goods to Plaintiff.
83. Defendant failed to return Plaintiff's property and deprived her of the use of her merchandise.
84. Defendant's actions resulted in the permanent or indefinite deprivation of Plaintiff's goods.
85. As a direct and proximate result of the Defendant's conversion, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

## COUNT VI Negligent Hiring/Retention

## Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

86. Plaintiff realleges Paragraphs 1 through 35 of this Complaint.
87. Defendants owed Plaintiff a duty to exercise reasonable care in the hiring, transportation, supervision, and handling of Plaintiff's shipment.
88. At all relevant times, Defendant(s) employed, contracted with, or otherwise place in control of Plaintiff's shipment a driver and related personnel who were unfit, unqualified, or inadequately supervised to safely transport and secure the cargo as evidenced by the abandonment of the shipment, failure to maintain custody of the goods, and failure to take reasonable steps to safeguard or recover the cargo.
89. Defendants knew or should have known, through the exercise of reasonable care, that the driver and personnel assigned to Plaintiff's shipment were unfit, unqualified, or inadequately supervised to safely transport and secure the cargo.
90. Defendants breached their duties by employing such unfit or inadequately supervised personnel and by failing to properly supervise the shipment, respond appropriately to the abandoned truck, or mitigate the loss once

Defendants became aware of the situation.

91. As a direct and proximate result of Defendants' negligent hiring, retention, and supervision, Plaintiff's shipment was abandoned, left unsecured, and ultimately lost, resulting in the complete loss of Plaintiff's goods

92. Plaintiff suffered damages as a direct and proximate result of Defendants' negligence, including the value of the lost goods, business interruption losses, and other damages to be proven at trial.

   **WHEREFORE**, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

## COUNT VII Promissory Estoppel

## Against Defendants Gilmore's Trucking, Inc. and Dispatch Master, LLC

93. Plaintiff realleges Paragraphs 1 through 35 of this Complaint.

94. On or about February 25, 2025, Defendant Dispatch Master LLC made clear and definite promises to Plaintiff, on behalf of Gilmore's Trucking Inc. that Plaintiff's shipment would be recovered, returned, and that Plaintiff would be made whole for the loss.

95. Defendant Dispatch Master LLC made these promises with reasonable expectation and intent that Plaintiff would rely on them.

96. At all relevant times, Defendant Dispatch Master LLC was acting as an agent and representative of Defendant Gilmore's Trucking, Inc., with actual or apparent authority to communicate regarding the recovery and disposition of Plaintiff's goods.

97. Plaintiff reasonably and detrimentally relied on Defendants' promises by delaying alternative recovery efforts and relying on Defendants' assurances that the goods would be returned and Plaintiff would be compensated.

98. Defendants failed to honor or perform the promised recovery and compensation, resulting in Plaintiff remaining deprived of its goods and suffering additional losses, such as the increase in tariffs.

99. Injustice can only be avoided by enforcement of Defendant's promises, as Plaintiff relied on those promises to its detriment and suffered damages, including the continued loss of its goods, business interruption damages, and related economic losses.

   **WHEREFORE**, Plaintiff respectfully requests an entry of judgment against all Defendants for all damages recoverable, in the amount of $116,153.48, plus interest, costs and fees, attorneys' fees where allowed, and any other such relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY:

Plaintiff hereby demands for a trial by jury on all issues triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter

judgment in favor of Plaintiff and against Defendant as follows:

a) As to Plaintiff's Carmack Amendment claim, award Plaintiff all damages recoverable under 49 U.S.C. § 14706, including the full actual loss or injury to the cargo, including its value and reasonable replacement cost, together with prejudgment interest;

b) In the alternative, as to Plaintiff's non-Carmack claims, award Plaintiff all compensatory damages recoverable under applicable law, including reliance-based and delay-related damages arising from Defendants' post-loss conduct and representations, independent of the cargo loss itself;

c) Award consequential damages, including lost profits or business interruption damages, to the extent such damages are recoverable under applicable law;

d) Award Plaintiff reasonable attorney fees, costs, interest, expenses of this litigation; and

e) Ordering any other relief that this Court may deem just and proper.

Respectfully Submitted,

BY: */s/ Pamela Vega*
Pamela Vega, Esquire
*Attorney for the Plaintiffs*
Florida Bar Number 1048533
Pamela Vega Law Firm, PLLC
2325 Stanford Court,
Naples FL. 34112

Tel: (239) 933-9404 / Fax: 239-235-4001
Emails: pam@pamvegalaw.com
keaton@pamvegalaw.com